IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,969-02






EX PARTE LARRY LYNN COCKERHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-40,155 IN THE 161ST DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
or detention and sentenced to ten years' imprisonment. 

 Applicant contends that he is being denied review for parole by the Texas Board of Pardons
and Paroles. Tex. Gov't Code § 508.149.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit
addressing the issue of whether Applicant is eligible for parole. If he is eligible for parole, the
affidavit shall state whether he was reviewed for parole, and if he is eligible, but has not been
reviewed, why not.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
is eligible for parole. If Applicant is eligible, then the trial court shall determine whether he has been
reviewed for parole and if not, why not. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

 

Filed: December 18, 2013

Do not publish